THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>                 Plaintiffs,<br><br>      v.<br><br>ELECTRON HYDRO, LLC,<br><br>               Defendant. | CASE NO. C20-1746-JCC<br><br>ORDER |

This matter comes before the Court on the Puyallup Tribe of Indians' unopposed motion to intervene (Dkt. No. 34). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

## I.  BACKGROUND

The Puyallup Tribe seeks to join Plaintiffs—the United States of America, Citizens for a Healthy Bay, and Puget Soundkeeper Alliance)—in this environmental suit, either as of right or permissively under Federal Rule of Civil Procedure 24. (Dkt. No. 34 at 1.) This consolidated case stems from two separate actions related to Defendant Electron Hydro, LLC's ("Electron") operation of a hydroelectric dam on the Puyallup River. The United States filed suit first, alleging violations of the Clean Water Act ("CWA") based on Electron's deposit of artificial turf, and the degradation thereof, allegedly polluting the Puyallup River. (Dkt. No. 1.) Citizens for a Healthy Bay and Puget Soundkeeper Alliance subsequently filed suit under the CWA's

citizen-suit provision alleging additional CWA violations. (*See Citizens for a Healthy Bay, et al. v. Electron Hydro LLC*, C21-5171-JCC, Dkt. No. 1 (W.D. Wash. 2021).) In April 2021, this Court consolidated the two cases and instructed the parties that "[a]ll future filings shall bear the caption and case number [C20-1746-JCC]," and that the second-filed case be closed. (Dkt. No. 17 at 2.)

The Puyallup Tribe now alleges Electron's claimed pollution of the Puyallup River adversely affects both its rights under the Treaty of Medicine Creek and the health of its members who regularly consume fish therefrom. (Dkt. No. 34 at 4–6.) It, accordingly, seeks to intervene in the claims of both actions relating to this consolidated case, and the parties do not contest the Puyallup Tribe's intervention. (*Id.* at 1.)

## II.    DISCUSSION

### A.    Intervention into United States' Claims

The Puyallup Tribe has an unconditional right to intervene in the United States' claims pursuant to the Clean Water Act, 33 U.S.C. § 1365(b)(1)(B). *See* Fed. R. Civ. P. 24(a)(1). The Puyallup Tribe qualifies as a "person" within the meaning of § 1365(b)(1)(B), given the definitional chains in §§ 1362(4) and (5). In addition, its motion is timely. This consolidated case is still in an early stage, there is no prejudice to other parties, and any delay in filing the motion was minimal. *See United States ex rel. McGough v. Covington Techs. Co.*, 967 F.2d 1391, 1394 (9th Cir. 1992).

The Court GRANTS Puyallup Tribe's motion to intervene in the claims brought by the United States as a matter of right and, therefore, need not consider whether permissive intervention is allowed in this instance. *See* Fed. R. Civ. P. 24(b).

### B.    Intervention into Citizen-Suit Claims

Absent an unconditional right to intervene by statute, a party seeking to intervene as a matter of right must: (1) timely move to intervene, (2) have a significantly protectable interest relating to the property or transaction that is the subject of the action, (3) be situated such that the

disposition of the action may impair or impede the party's ability to protect that interest, and (4) not be adequately represented by existing parties. *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003); Fed. R. Civ. P. 24(a)(2). The burden is on the intervenors to demonstrate all four prongs. *United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002). The Tribe has met this burden.

Its motion is timely for the reasons stated above. Moreover, it has rights in the Puyallup River protected by the Treaty of Medicine Creek as well as a separate interest in the integrity of the Puyallup River, given its two hatcheries and the effects a vitiated water source may have on its members. (Dkt. No. 34 at 4.) Moreover, disposition of this action may impact the Tribe's ability to protect these rights and interests as well as its ability to implement and evaluate compliance with its water quality standards. (*Id.* at 5.) Lastly, the Tribe has satisfied its "minimal" burden to show that the existing parties may not adequately represent all its interests, both under the Treaty and as an independent, impacted sovereign government. (*Id.* at 5–6.) *See Arakaki*, 324 F.3d at 1086.

The Court GRANTS Puyallup Tribe's motion to intervene in the citizen-suit claims as a matter of right and, therefore, need not consider whether permissive intervention is allowed in this instance. *See* Fed. R. Civ. P. 24(b).

## III.   CONCLUSION

Accordingly, the Puyallup Tribe's motion to intervene (Dkt. No. 34) is GRANTED. In accordance with this Court's Consolidation Order (Dkt. No. 17), the Court DIRECTS Intervenor Puyallup Tribe to consolidate its two proposed complaints into a single Complaint in Intervention, which is to be filed within twenty (20) days of this Order under this caption and case number.

//

//

//

DATED this 26th day of August 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE