THE HONORABLE JOHN C. COUGHENOUR

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9  UNITED STATES OF AMERICA, *et al.*,        CASE NO. C20-1746-JCC

10                          Plaintiffs, and    ORDER

11  PUYALLUP TRIBE OF INDIANS,

12                          Plaintiff-Intervenor,

13          v.

14  ELECTRON HYDRO, LLC,

15                          Defendant.

16

17          This matter comes before the Court on Plaintiff United States of America's ("United

18  States") motion for leave to file an amended complaint (Dkt. No. 51) and Defendant Electron

19  Hydro LLC's ("Electron Hydro") motion to stay discovery. (Dkt. No. 46.) Having thoroughly

20  considered the parties' briefing and the relevant record, the Court hereby GRANTS the United

21  States' motion for leave to amend (Dkt. No. 51) and DENIES Electron Hydro's motion to stay

22  (Dkt. No. 46) for the reasons explained below.

23  **I.      BACKGROUND**

24          Electron Hydro operates a hydroelectric facility located on the Puyallup River in Pierce

25  County, Washington. (Dkt. No. 51-2 at 1–2.) In July 2020, as alleged in the United States'

26  proposed Amended Complaint, Electron Hydro started reconstructing the facility's diversion

dam structure and spillway. (*Id.*) Under the supervision of its Chief Operating Officer, Thom A. Fischer, Electron Hydro personnel created a bypass channel lined with waste field turf. (*See id*. at 2.)

On or about July 29, 2020, due to a partial breach of a plastic liner, approximately 617 square yards of the field turf and four to six cubic yards of crumb rubber discharged into the river, portions of which continue to be found in various locations downstream. (*Id.* at 13, 14.) On or about October 19, 2020, Electron Hydro then started constructing a diversion rock spillway, discharging approximately 6,000 cubic yards of rock, gravel, and other fill material into the Puyallup River. (*Id.* at 14.) On November 11, 2020, the United States sued under the Clean Water Act to obtain injunctive relief and civil penalties against Electron Hydro for unauthorized discharges into the Puyallup River. (Dkt. No. 1.) On January 10, 2022, the Washington State Attorney General's Office filed criminal charges in Pierce County Superior Court against Electron Hydro and Mr. Fischer for, among other things, the unlawful discharge of pollutants into the Puyallup River. (Dkt. Nos. 46 at 2, 48-1, 48-2.)

The United States now seeks leave to amend its complaint to, among other things, add Mr. Fischer as a defendant in this action. (*See* Dkt. No. 51-2 (proposed amended complaint).) Electron Hydro moves to stay all discovery in this matter pending resolution of the state criminal proceedings, arguing that a stay is necessary to preserve Mr. Fischer's Fifth Amendment privilege against self-incrimination. (*See generally* Dkt. No. 46.)

## II.   DISCUSSION

### A.   United States' Motion for Leave to File Amended Complaint

The United States moves to amend its complaint to add (1) Mr. Fischer as an individual defendant in this matter; (2) a claim for the unpermitted discharge of fill material under Section 404 of the CWA, 33 U.S.C. § 1344; and (3) additional factual allegations supporting its claims. (*Id.* at 1–2.) Electron Hydro does not oppose this request. (Dkt. No. 68.) Accordingly, the Court finds that justice requires granting leave to amend to the United States under Federal Rule of

1    Civil Procedure 15(a)(2).

2        **B.      Electron Hydro's Motion to Stay Discovery**

3        The Constitution does not require a stay of civil proceedings pending the outcome of

4    criminal proceedings absent "substantial prejudice to the rights of the parties involved." *Keating*

5    *v. Office of Thrift Supervision*, 45 F.3d 322, 325 (9th Cir. 1995); *see also Whitsitt v. Allen &*

6    *Assocs., LLC*, 2014 WL 11997865, slip op. at 2 (W.D. Wash. 2014) (noting that a stay of a civil

7    case pending conclusion of a related criminal case is an "extraordinary remedy") (internal

8    quotations omitted). To determine whether a stay is appropriate, a court should consider "the

9    extent to which the defendant's Fifth Amendment rights are implicated." *Keating,* 45 F.3d at

10   324.

11       Electron Hydro argues that a stay is appropriate because its civil case relies on the

12   testimony of Mr. Fischer, who would undoubtedly assert his Fifth Amendment privilege against

13   self-incrimination. (Dkt. No. 46 at 5–6.) The United States argues that this fact alone is not

14   determinative, and that less drastic means would be sufficient to protect Mr. Fischer's Fifth

15   Amendment rights. (Dkt. Nos. 54 at 6–9, 63 at 4.) The Court agrees that less drastic alternatives

16   are available, such as delaying Mr. Fischer's deposition. Additionally, the Court notes that

17   Electron Hydro fails to demonstrate substantial prejudice in the absence of a stay.

18       Courts have repeatedly emphasized that a defendant has "no absolute right not to be

19   forced to choose between testifying in a civil matter and asserting his Fifth Amendment

20   privilege." *Keating*, 45 F.3d at 326. And Electron Hydro itself has no Fifth Amendment rights.

21   *Curcio v. United States*, 354 U.S. 118, 122 (1957). Nor does Electron Hydro demonstrate an

22   inability to respond to discovery with information that would not incriminate Mr. Fischer. And

23   generalized Fifth Amendment concerns are insufficient to establish substantial prejudice. *See,*

24   *e.g., Federal Sav. and Ins. Corp. v. Molinaro*, 889 F.2d 899, 903 (9th Cir. 1989); *Commodity*

25   *Futures Trading Comm'n. v. Fin. Tree*, 2021 WL 2681920, slip op. at 3 (W.D. Wash. 2021)).

26       Moreover, although the extent to which Mr. Fischer's Fifth Amendment privilege is

implicated is, indeed, a "significant factor" in determining whether a stay is warranted, it must be weighed against:

> (1) the interests of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Keating,* 45 F.3d at 325. This Court finds that, after consideration of all the factors, the extraordinary remedy of granting a stay is not appropriate.

   1. Plaintiffs' Interests

Plaintiffs' interests in proceeding expeditiously and the potential prejudice caused by a delay favors denying the motion to stay. They argue that toxins from the artificial turf remaining in the river are causing ongoing environmental damage. (Dkt. Nos. 54 at 3–4, 6; 59 at 7; 63 at 3–4.) Plaintiffs emphasize that the only available remedies in the state criminal case are jail time and fines, which do not minimize or mitigate these ongoing harms. (*Id.*) Electron Hydro argues that, even without any court orders in place, it has made an enormous effort to retrieve artificial turf from the river. (Dkt. No. 66 at 1–2.) Regardless, Plaintiffs maintain that the harm caused by Defendant's conduct has not ceased and that turf, crumb rubber, and other pollutants remain in the river. (Dkt. Nos. 54 at 6, 59 at 7, 63 at 3.) The evidence they provide supporting this contention is compelling. (*See* Dkt. Nos. 56, 57-1–57-4, 58, 60, 60-1–60-23, 65-1.)

Moreover, courts generally find that a plaintiff's interest is prejudiced when a stay would cause a lengthy or indefinite delay. *See, e.g.*, *CommScope, Inc. of North Carolina v. Electro Products, Inc.*, 2007 WL 9775629, slip op. at 3 (W.D. Wash. 2007); *Whitsitt*, 2014 WL 11997865, slip op. at 3. Here, Electron Hydro requests a stay until the criminal proceedings are resolved. (Dkt. No. 46 at 1.) But even though a preliminary trial date has been set, *see* Pierce County Sup. Ct., Case Nos. 22-1-00044-1, 22-1-00045-9, the reality is final resolution of the

criminal matters could take years. (Dkt. No. 54 at 11.) And the civil proceeding has already been pending for sixteen months. (*See* Dkt. No. 1.) Thus, this factor weighs strongly against a stay.

### 2.  Burden on Electron Hydro and Mr. Fischer

In addition to concerns regarding the exercise of Mr. Fischer's Fifth Amendment privilege, Electron Hydro is concerned about potential cooperation between the United States and state prosecutors. Specifically, Defendant argues that the United States is sharing documents it obtained from Electron Hydro with state prosecutors, which could prejudice Electron Hydro's criminal defense. (Dkt. Nos. 46 at 6, 66 at 5–6.) More generally, Defendant is concerned that this civil proceeding, if not stayed, might allow state prosecutors to take advantage of broader civil discovery rules and could expose the criminal defense's theories to prosecutors in advance of the criminal trial. (*Id.*)

Electron Hydro's concerns are entirely speculative. Moreover, Electron Hydro does not suggest that this civil proceeding was "commenced solely to obtain evidence for a criminal prosecution" or as a pretext for a criminal investigation. *See United States v. Stringer*, 535 F.3d 929, 938–39 (9th Cir. 2008). Nor could it, given the timing—the civil case predated the criminal case by more than a year. In addition, Electron Hydro does not argue that state prosecutors are interfering with the civil proceedings or have "accessed inappropriate material." *See S.E.C. v. Sandifur*, 2006 WL 1719920, slip op. at 2 (W.D. Wash. 2006). Instead, it merely expresses concern over an e-mail distribution list's existence, even though Electron Hydro concedes it does not know what information has been shared through this medium. (Dkt. No. 66 at 6.) Thus, this factor is neutral or, at most, weighs only slightly in favor of a stay.

### 3.  Convenience of the Court and Efficient Use of Judicial Resources

Judicial economy also does not weigh heavily in favor of a stay. To determine whether judicial economy favors staying a case, courts examine whether the proceedings "arise out of the same event" and the "potential for complexity, overlapping issues, duplicative rulings, and conflict between the rulings of this Court and the criminal court." *See Lakey v. Washington*, 2020

1  WL 8617405, slip op. at 3 (W.D. Wash. 2020). However, courts also have an interest in clearing
2  their dockets and avoiding indefinite delays. *Molinaro*, 889 F.2d at 903.

3      Here, it is undisputed that the civil and criminal proceedings both arise out of Electron
4  Hydro's alleged unauthorized discharge of pollutants. (*See generally* Dkt. Nos. 46, 54.) Because
5  the proceedings arise out of the same alleged misconduct, there is a potential for overlap and
6  duplicative or conflicting rulings between this case and the criminal proceeding. Plaintiffs point
7  out, though, that the resolution of the state criminal case is not necessary for this civil action to
8  proceed because the two proceedings seek different relief under different laws and require
9  separate remedies. (Dkt. Nos. 54 at 11, 63 at 4.) This Court also has an interest in avoiding
10  indeterminate stays.

11      Based on this analysis, this factor, at most, weighs only slightly in favor of a stay.

12          4.   Interests of Non-Parties and the Public

13      Finally, the interests of non-parties and the public weigh strongly against a stay. Non-
14  parties and the public have an interest in the speedy resolution of civil enforcement actions. *See*
15  *Sandifur*, 2006 WL 1719920, slip op. at 3. Here, the public's interest in deterring future
16  wrongdoing and in having confidence in enforcement of environmental protections is best served
17  by prompt resolution of this case.

18      Electron Hydro cites *Javier H. v. Garcia-Botello*, 218 F.R.D. 72 (W.D.N.Y. 2003), and
19  *Jones v. Conte*, 2005 WL 1287017(N.D. Cal. 2005), to argue that the public has an interest in the
20  integrity of criminal cases, which takes precedence over civil litigants. (Dkt. No. 46 at 7.)
21  However, these two cases are not persuasive here, because this case involves not just private
22  litigants enforcing their own rights and interests, but government, tribal, and public-interest
23  organizations representing significantly larger interests than in the cases Defendant cites.
24  Moreover, for reasons discussed above, this Court is unpersuaded that the integrity of the parallel
25  criminal proceedings would be compromised. This factor therefore also weighs strongly against
26  a stay.

ORDER
C20-1746-JCC
PAGE - 6

On balance, because Plaintiffs' and the public's interests in resolving this matter outweigh any potential burden on Electron Hydro from its continued litigation, the Court finds that a stay is not appropriate.

## III.    CONCLUSION

For the foregoing reasons, the United States' motion for leave to amend its complaint (Dkt. No. 51) is GRANTED. The United States shall file its amended complaint, as proposed (Dkt. No. 51-2), within seven (7) days of this Order. Electron Hydro's motion to stay discovery (Dkt. No. 46) is DENIED.

DATED this 28th day of February 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE