THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*,<br><br>                    Plaintiffs, and<br><br>PUYALLUP TRIBE OF INDIANS,<br><br>                    Plaintiff-Intervenor,<br>      v.<br><br>ELECTRON HYDRO, LLC, and THOM A. FISCHER,<br><br>                    Defendants. | CASE NO. C20-1746-JCC<br><br>ORDER<br><br>IN RELATION TO C21-5171-JCC |

This matter comes before the Court on Communities for a Healthy Bay and Puget Soundkeeper Alliance's (together, "Plaintiffs"), and Electron Hydro, LLC's ("Electron Hydro") and Thom Fisher's (together, "Defendants") joint motion for entry of the proposed Consent Decree (Dkt. No. 75), and the United States' ("Government") separate motion to stay entry of the proposed Consent Decree (Dkt. No. 84). Having thoroughly considered the parties' briefing and the relevant record, and finding oral argument unnecessary, the Court hereby DENIES the Government's motion to stay (*Id.*) and GRANTS Plaintiffs' and Defendants' motion to enter the Consent Decree (Dkt. No. 75) for the reasons explained below.

ORDER
C20-1746-JCC
PAGE - 1

## I. BACKGROUND

On October 28, 2020, Plaintiffs notified Electron Hydro and the Government that they intended to sue Defendants for several violations of the Clean Water Act ("CWA") and the Resource Conservation and Recovery Act. (*See* Dkt. No. 25 at 4–25.) Shortly after learning this, the Government sued Electron Hydro[1] for injunctive relief and civil penalties. (Dkt. No. 1.) The Government alleges that Electron Hydro has unlawfully discharged pollutants into the Puyallup River and continues to do so. (*See generally id.*)

Plaintiffs then brought suit on March 9, 2021 for CWA violations not included in the Government's complaint. *See Citzens for a Healthy Bay, et al., v. Electron Hydro, LLC*, Case No. C21-5171-JCC, Dkt. No. 1 (W.D. Wash 2021). The Court then consolidated that case into the Government's case, at least for management purposes. (*See* Dkt. No. 17.)

On March 3, 2022, with discovery ongoing in the Government's case, Plaintiffs and Defendants jointly moved for entry of a proposed Consent Decree that would resolve Plaintiffs' claims asserted in the later-filed case. (Dkt. No. 75.) Under their proposed agreement, Defendants will apply for a National Pollutant Discharge Elimination System ("NPDES") permit within 180 days of the Court's entry of the proposed Consent Decree and will pay Plaintiffs' attorney fees, in exchange for Plaintiffs releasing their claims. (*See* Dkt. No. 75-1 at 5–6.)

The Government moves to stay entry of the consent decree, and Intervenor Puyallup Tribe of Indians joins in that request. (Dkt. Nos. 84, 92.)

## II. DISCUSSION

### A. Government's Motion to Stay Entry of Proposed Consent Decree

The Court may stay an action pending the resolution of separate proceedings if doing so "is efficient for its own docket and the fairest course for the parties." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979). Whether to do so is at the Court's discretion.

---

[1] The Government later amended its complaint to include Thom Fischer as a defendant. (*See* Dkt. No. 73.)

*Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1105 (9th Cir. 2005).

To determine whether a stay is warranted, the Court must consider (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer" if a motion to stay is denied, and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). That being said, "[t]he proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997). "'[I]f there is even a fair possibility that the stay . . . will work damage to some one else,' the party seeking the stay 'must make out a clear case of hardship or inequity.'" *Lockyer*, 398 F.3d at 1105 (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)) (alterations in original). And ultimately, the Court must "balance the equities" to determine if the extraordinary remedy of a stay is warranted. *Barnes v. E-Sys., Inc. Grp. Hosp. Med. & Surgical Ins. Plan*, 501 U.S. 1301, 1305 (1991) (internal quotations and citations omitted). The Court finds that here, it is not.

The Government objects not to the content of the proposed Consent Decree, but to its timing. (*See* Dkt. No. 84 at 5.) The Government argues that it "could be" substantially prejudiced by the Consent Decree because, if Defendants pay Plaintiffs' attorney fees, Defendants may not be able to afford to mitigate the pollution, which would frustrate the relief sought by the Government's action. (*Id.* at 6.) The Government also argues that neither Plaintiffs nor Defendants are "likely to be prejudiced" by a stay because the Consent Decree's injunctive provisions will mitigate *future* harms rather than *ongoing* harms that will continue absent the consent decree. (*Id.* at 6, 9; *see also* Dkt. No. 95 at 3 (arguing that there is a "reasonable basis for concern" about Defendants' finances that "outweighs any harm" to Plaintiffs).) the Government further stresses that injunctive relief should be prioritized over attorney fees. (Dkt. No. 84 at 10.)

In response, Plaintiffs argue that the Government has not shown that it will be harmed or burdened by the Consent Decree. (Dkt. No. 88 at 2.) They also argue that a stay would

substantially prejudice them by "delaying the NPDES permitting process and CWA compliance; disrupting the parties' carefully negotiated settlement commitments; delaying and risking the recovery of costs and fees; and risking abandonment of the agreement and the resumption of litigation." (*Id.* at 7.)

The Court first assesses whether there is at least "a fair possibility that the stay . . . will work damage" to Plaintiffs and the public interest. *Lockyer*, 398 F.3d at 1105; *see also CMAX*, 300 F.2d at 268. The stay the Government seeks would work damage to Plaintiffs and the public by delaying indefinitely[2] the parties' carefully negotiated injunctive relief, release of claims, and fee award. (*See generally* Dkt. No. 84.)

The Government argues that any such delay will not cause prejudice because the injunctive relief in the Consent Decree will not benefit the river until after a lengthy permitting process, and the only true effect of a stay will be delaying fee payments to Plaintiffs. (*Id.* at 5–6.) But the Consent Decree contains meaningful injunctive relief—indeed, the Government agrees that "the NPDES [permitting] program is an important part of the CWA's compliance and enforcement scheme." (*Id.* at 9.) Because of the injunctive relief contained in the Consent Decree, there is at least a fair possibility that Plaintiffs will suffer prejudice if a stay is granted—therefore, the Government "must make out a clear case of hardship or inequity" to succeed in its motion to stay. *Lockyer*, 398 F.3d at 1105 (quoting *Landis*, 299 U.S. at 255.)

---

[2] Although the Government proposes a status conference six months after the entry of its proposed stay, (*see* Dkt. No. 95 at 7), it does not indicate that the enforcement action is expected to end within a reasonable time. Instead, it emphasizes how "complex" and "multifaceted" the enforcement action is, and how it is "at the mid-stage of litigation." (*Id.* at 5.) This suggests that staying entry of the Consent Decree will result in an indeterminate delay.

Courts generally find that a plaintiff's interest is prejudiced when a stay would cause a lengthy or indefinite delay. *See, e.g.*, *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066–67 (9th Cir. 2007) (holding that "in light of the general policy favoring stays of short, or at least reasonable, duration, the district court erred by issuing a stay without any indication that it would last only for a reasonable time").

The Government has failed to make out such a case. It argues that paying Plaintiffs' attorney fees may adversely impact Electron Hydro's ability to pay for any injunctive relief that may be ordered in the Government's enforcement action. (Dkt. Nos. 84 at 7–8; 95 at 6.) In support of this argument, the Government filed an expert declaration and various financial records from Electron Hydro. (*See* Dkt. Nos. 98-1, 98-3–98-18.) The Court, having reviewed these documents *in camera*, (*see* Dkt. No. 97), does not believe that the fee award in the Consent Decree would materially impact Defendants' ability to pay for any injunctive relief that may be ordered in the Government's enforcement action.

Finally, the Government contends that a stay "should not have a measurable effect on the orderly course of justice" because it requests only to delay entry of the Consent Decree and does not challenge its terms. (Dkt. No. 84 at 10.) The Court agrees—there is no reason to think that granting *or denying* a stay will result in the "simplifying or complicating of issues, proof, and questions of law" in the other proceeding. *CMAX*, 300 F.2d at 268. This factor is a wash.

On balance, because Plaintiffs' and the public's interests in expeditiously resolving this matter outweigh any potential burden on the Government, the Court finds that a stay is not appropriate.

**B.    Proposed Consent Decree**

In a CWA case, "a district court should enter a proposed consent judgment if the court decides that it is fair, reasonable and equitable and does not violate the law or public policy." *Sierra Club, Inc. v. Elec. Controls Design, Inc.*, 909 F.2d 1350, 1355 (9th Cir. 1990). "As long as the consent decree comes within the general scope of the case made by the pleadings, furthers the objectives upon which the law is based, and does not violate the statute upon which the complaint was based, the parties' agreement may be entered by the court." *Id.* (quoting *Local No. 93, Int'l Ass'n of Firefighters, AFL–CIO v. City of Cleveland*, 478 U.S. 501, 525–26 (1986)) (internal quotation marks and alterations omitted). Although courts have a duty to ensure a consent decree is in the public interest, "the court need not require that the decree be 'in the

public's *best* interest' if it is otherwise reasonable." *United States v. Oregon*, 913 F.2d 576, 581 (9th Cir. 1990) (quoting *S.E.C. v. Randolph*, 736 F.2d 525, 529 (9th Cir. 1984)) (emphasis in original).

Here, the proposed Consent Decree is fair and reasonable. Defendants agree to apply for an NPDES permit, to work in good faith toward compliance, and to pay Plaintiffs' attorney fees. (Dkt. No. 75-1 at 5.) In return, Plaintiffs agree to release their claims. (*Id.* at 6.) The parties have determined that this is a fair exchange after lengthy negotiations through experienced counsel. (*See* Dkt. Nos. 87 at 2; 90 at 4; 93 at 2.) Having received no objection to the Consent Decree's terms, the Court finds no reason to doubt its fairness.

The proposed Consent Decree is also in the public interest and furthers the CWA's objectives. First, by requiring Defendants to apply for and work in good faith toward an NPDES permit, the Consent Decree is aligned with the purpose of the CWA "to restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a). Indeed, in moving to stay, the Government acknowledged that "the NPDES program is an important part of the CWA's compliance and enforcement scheme." (Dkt. No. 84 at 9.) Second, by awarding attorney fees to Plaintiffs, the Consent Decree aligns with the CWA's fee-shifting provision, another important part of its enforcement regime. *See* 33 U.S.C. § 1365(d).

The Court therefore finds that the proposed Consent Decree (Dkt. No. 75-1) is fair, reasonable, and in the public interest.

### III. CONCLUSION

For the foregoing reasons, the Government's motion to stay entry of the Consent Decree (Dkt. No. 84) is DENIED. Plaintiffs' and Defendants' motion for entry of the Consent Decree (Dkt. No. 75) is GRANTED. A separate order will follow entering the parties' Consent Decree.

//

//

//

DATED this 20th day of May 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE